951 F.2d 360
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Darrel L. HUNT, Plaintiff-Appellant,
v.
EMPLOYEE BENEFITS INSURANCE COMPANY, a California
Corporation Successor to EBI Insurance Company, an
Oregon corporation, Defendant-Appellee.
 No. 91-35088.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 2, 1991.*
Decided Dec. 11, 1991.
 
 Before EUGENE A. WRIGHT, DAVID R. THOMPSON, T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Darrel Hunt appeals the district court's holding that Oregon law applies to his claim for wrongful termination of workers' compensation benefits. Hunt alleges that the Employee Benefits Insurance Company (EBI) violated Montana law when it temporarily denied him benefits. The district court applied the most significant relationship test under the Restatement (second) of Conflicts of Law section 145, and determined that Oregon law applied to Hunt's claim. We agree.
 
 
 3
 We review de novo a district court's decision concerning the choice of law. Sparling v. Hoffman Const. Co., 864 F.2d 635, 641 (9th Cir.1988) (citing Pereira v. Utah Transport, Inc., 764 F.2d 686, 689 (9th Cir.1985), cert. dismissed, 475 U.S. 1040 (1986)).
 
 
 4
 Hunt argues that the court misapplied the most significant relationship test. He contends that the court failed to give sufficient weight to the place where the injury occurred, and focused instead on the place where the conduct causing the injury occurred. See Restatement (second) of Conflicts of Laws § 145 (1969). He states that Montana law should apply because the injury, the wrongful denial of his employee benefits, occurred there.
 
 
 5
 Section 145(2) lists the following factors to consider in determining which state has the most significant relationship: (1) the place where the injury occurred; (2) the place where the conduct causing the injury occurred; (3) the domicile, residence, nationality, place of incorporation and place of business of the parties; and (4) the place where the relationship, if any, between the parties is centered. Restatement (second) of Conflict of Laws § 145 (1969). Applying these four factors to the facts, we find that Oregon law governs Hunt's claim against EBI.
 
 
 6
 Hunt's original injury occurred in Oregon. The Oregon Workers' Compensation Act covered the injury, and Oregon law controlled. Although Hunt moved to Montana, he maintained an Oregon address and it was to that address that EBI sent the denial of benefits notice. EBI is an Oregon insurer with its place of business in Portland. Hunt's only contacts and relationship with EBI are through its Portland office. The relationship between the parties is centered in Oregon, the state providing Hunt's workers' compensation benefits. See Toomer v. United Resin Adhesives, Inc., 652 F.Supp. 219, 224 (N.D.Ill.1986) (court applied section 145 and found that when a dispute involves workers' compensation benefits, the state under whose laws the person receives the workers' compensation benefits controls).
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3